UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MOHAMED ROSHAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORP.,<br><br>Defendant. | : | Case No. 1:25-cv-02653-RER-JAM |

**CAPITAL ONE'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corp.*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 1

STANDARD OF REVIEW ........................................................................................... 3

ARGUMENT ........................................................................................................ 4

I. There Is No Private Right Of Action For Enforcement Of The Federal Reserve Act. ........................................................................................ 4

II. Plaintiff's Attempt To Fraudulently Pay Off His Credit Card Accounts Cannot Support A Cause Of Action Against Capital One. ................................... 5

CONCLUSION ....................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arar v. Ashcroft*,
585 F.3d 559 (2d Cir. 2009)....................3

*Arnold v. Harp v. Police & Fire Fed. Credit Union*,
No. CV 23-2577, 2023 WL 5152625 (E.D. Pa. Aug. 10, 2023)....................4, 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Brass v. Am. Film Techs., Inc.*,
987 F.2d 142 (2d Cir. 1993)....................4

*Chavis v. T-Mobile US, Inc.*,
No. A-23-CV-1513-DII-SH, 2024 WL 150734 (W.D. Tex. Jan. 11, 2024)....................5

*Douglas v. AutoNation Honda Covington Pike*,
No. 3:23-CV-340-MPM-RP, 2023 WL 6368330 (N.D. Miss. Sept. 12, 2023)....................5

*Douglas v. AutoNation Honda Covington Pike*,
3:23-CV-340-SA-RP, 2023 WL 6326659 (N.D. Miss. Sept. 28, 2023)....................5

*Harp v. Police and Fire Fed. Credit Union*,
No. CV 23-2577, 2023 WL 5152625 (E.D. Pa. Aug. 10, 2023)....................5

*Heckman v. Town of Hempstead*,
568 F. App'x 41 (2d Cir. 2014)....................2

*Hurt v. Exeter Finance, LLC*,
No. 4:23-cv-1285, 2023 WL 8088601 (E.D. Mo. Nov. 21, 2023)....................5

*Lee Joseph Vidrine v. Capital One Bank*,
No. 6:23-CV-01500, 2024 WL 802242 (W.D. La. Feb. 9, 2024)....................5

*Payne v. Spectrum*,
No. SA-23-CV-01313-XR, 2023 WL 8681199 (W.D. Tex. Dec. 15, 2023)....................5

*Santander Consumer USA*,
No. 3:24-cv-1125, 2025 WL 1358546 (D. Conn. May 9, 2025)....................4

*Scriven v. Barnum*,
No. 24-CV-1805 (EK)(MJ), 2024 WL 1769318 (E.D.N.Y. Apr. 24, 2024) ............................4

*Thomas v. Wells Fargo Bank*,
No. CV 23-00206-TFM-B, 2024 WL 478068 (S.D. Ala. Jan. 12, 2024) ................................5

*Thomas v. Wells Fargo Bank*,
1:23-CV-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024) ..........................................5

*Vidrine v. Capital One Bank*,
No. 6:23-CV-01500, 2024 WL 790380 (W.D. La. Feb. 26, 2024)...........................................5

*Wilson v. Aqua Fin.*,
No. 3:23-5348-SAL-SVH, 2023 WL 7924150 (D. S.C. Oct. 26, 2023)...................................5

**Federal Statutes**

12 U.S.C. § 504.......................................................................................................................4

Federal Reserve Act ..........................................................................................................1, 3, 4

**Rules**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 4

Defendant Capital One Financial Corporation ("Capital One"),[1] pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss *pro se* Plaintiff Mohamed Roshan's ("Plaintiff") Complaint for failure to state a valid cause of action. In support of this Motion, Capital One states as follows:

## **INTRODUCTION**

Plaintiff's Complaint sets forth a claim related to the Federal Reserve Act on the basis that Capital One securitized his applications, which acted as prepayment for the debts Plaintiff incurred using his Capital One credit cards. Plaintiff alleges a common *pro se* theory of liability, whereby the securitization of a consumer debt or application results in an independent source of funds to satisfy the debt incurred by the consumer. Consumers, like Plaintiff, contend that their credit application or loan enables the creditor to access these funds via securitization, and therefore either the debt is satisfied, or they can access these funds to pay off the debt.

This theory of liability has been universally rejected by courts. There is no private right of action for enforcement of the Federal Reserve Act. In addition, Plaintiff's fraudulent attempt to tender payment to Capital One was not in U.S. currency and resulted in the closure of his credit card accounts. Capital One had no obligation to accept the purported "payment" and is not required to allow the accounts to remain open and subject to fraudulent payment attempts.

Capital One respectfully requests the Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## **FACTUAL AND PROCEDURAL BACKGROUND**

[1] Capital One, N.A. is the proper defendant in this matter, as it is the national banking association that maintains credit card accounts, including the accounts at issue in this litigation. Capital One Financial Corporation is a non-operating holding company, which has at no time maintained the credit card accounts at issue in this action. Therefore, Capital One Financial Corporation is not the proper defendant.

In March 2022, Plaintiff alleges that he obtained a Capital One Platinum credit card. *See* Declaration of Philip A. Goldstein ("Goldstein Decl."), Exh. 1 ("Complaint" or "Compl."), at 2. Plaintiff states that in 2023, he "learned about [p]erforming on [his] bill by utilizing the security interest that [he] previously gave to Capital One when [he] had submitted an application to Capital One to set off all obligations owed to the principal." *Id.* Plaintiff contends that he sent a payment and then Capital One shut his cards down, sending him letters stating his cards were cancelled. *Id.*; *see also* Goldstein Decl. Exhs. B (Plaintiff's September 18, 2023 correspondence to Capital One), C (Capital One's September 25, 2023 letter to Plaintiff regarding Account x6315), and D (Capital One's September 25, 2023 letter to Plaintiff regarding Account x8727).[2]

Plaintiff's September 13, 2023 letter accuses Capital One of "double dipping" by redeeming his coupon and accepting his payment, obtaining twice what was owed. *See* Goldstein Decl. Exh. B. Plaintiff "endorsed" the payment stubs to Capital One, calling them "Memo Money Order by Accommodation," to pay off the balance he owed to Capital One on the credit cards. Compl. at 2-3; Goldstein Decl. Exh. B, at 2 and 4. Capital One responded to this fraudulent attempt to pay off the debts by closing Plaintiff's credit card accounts. *See* Compl. at 3; Goldstein Decl. Exhs. C and D.

Plaintiff asserts that he cannot be rejected for credit because his application is the prepayment and only the Federal Reserve Board of Governors can decline his credit. *See* Compl. at 3. Plaintiff alleges American Express turned his application into a receivable, and that he is

[2] While Plaintiff's letter to Capital One and Capital One's responses are not attached to the Complaint, Plaintiff incorporates this correspondence into his pleading by referencing them within his Complaint. *See* Compl. at 2. On that basis, this Court can review the correspondence for purposes of evaluating the Motion to Dismiss. *See Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) (the Court is entitled to consider documents integral to the complaint and relied upon in it, and facts of which judicial notice may be taken pursuant to Fed. R. Evid. 201).

attempting to use the security interest related to his application. *Id.* On that basis, Plaintiff contends Capital One is a borrower and he is the creditor according to the Federal Reserve Act, he is exercising his rights to his security, and the declination is securities fraud. *Id.*

Based on the foregoing allegations, Plaintiff asserts a cause of action for violation of the Federal Reserve Act and demands Capital One reactivate his credit cards, give him his dividend payments and interest owed to him, and make his accounts open-ended. *See* Compl. at 3. Plaintiff is attempting to recover funds purportedly owed by Capital One to him regarding his credit card accounts, including dividend payments and interest. *Id.*

## STANDARD OF REVIEW

On a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 570. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

For a claim to be facially plausible, a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Thus, the relevant inquiry is not whether any facts *could be* invented that would state a claim for relief, but whether sufficient facts *have been pled* in the first instance to support the legal claims asserted. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" and

dismissal is required "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

Under the Rule 12(b)(6) standard, on a motion to dismiss, the reviewing court can consider documents that are incorporated into the complaint by reference or "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## <u>ARGUMENT</u>

### I. There Is No Private Right Of Action For Enforcement Of The Federal Reserve Act.

Although Plaintiff does not identify a specific cause of action against Capital One, his Complaint appears to assert a claim related to the Federal Reserve Act regarding the purported securitization of his credit application. *See* Compl. at 2-3. Specifically, Plaintiff contends the Federal Reserve Act governs the securitization of his applications, and that Capital One's actions in closing his accounts is securities fraud, presumably in violation of the Federal Reserve Act. *Id.* However, there is no private right of action for enforcement of the Federal Reserve Act. *See* 12 U.S.C. § 504; *see also Santander Consumer USA*, No. 3:24-cv-1125, 2025 WL 1358546, at *2 (D. Conn. May 9, 2025); *Scriven v. Barnum*, No. 24-CV-1805 (EK)(MJ), 2024 WL 1769318, at *1 (E.D.N.Y. Apr. 24, 2024) (dismissing *pro se* plaintiff's claims brought under the Federal Reserve Act for failure to state a claim as there is no private right of action under the Act); *Arnold v. Harp v. Police & Fire Fed. Credit Union*, No. CV 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.").

Accordingly, the Court should dismiss Plaintiff's claim related to the Federal Reserve Act with prejudice as there is no private right of action.

## II. Plaintiff's Attempt To Fraudulently Pay Off His Credit Card Accounts Cannot Support A Cause Of Action Against Capital One.

The basis of Plaintiff's Complaint against Capital One is deeply flawed and cannot support a valid cause of action. Plaintiff's attempt to pay off his credit card accounts by treating the payment stub as a coupon that he could turn into a negotiable instrument to pay off his obligations is at odds with fact and law. The payment stub is not a negotiable instrument, and Plaintiff cannot turn it into one by writing certain language on it. *See Hurt v. Exeter Finance, LLC*, No. 4:23-cv-1285, 2023 WL 8088601, at *5 (E.D. Mo. Nov. 21, 2023) ("One cannot pay a debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'"); *see also Lee Joseph Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 802242, at *1 (W.D. La. Feb. 9, 2024), *report and recommendation adopted sub nom. Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 790380 (W.D. La. Feb. 26, 2024) (dismissing claims similar to those alleged by Plaintiff); *Thomas v. Wells Fargo Bank*, No. CV 23-00206-TFM-B, 2024 WL 478068, at *9 (S.D. Ala. Jan. 12, 2024) (same), *report and recommendation adopted*, No. 1:23-CV-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024); *Chavis v. T-Mobile US, Inc.*, No. A-23-CV-1513-DII-SH, 2024 WL 150734, at *3 (W.D. Tex. Jan. 11, 2024) (same); *Payne v. Spectrum*, No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (same); *Wilson v. Aqua Fin.*, No. 3:23-5348-SAL-SVH, 2023 WL 7924150, at *4 (D. S.C. Oct. 26, 2023) (same); *Douglas v. AutoNation Honda Covington Pike*, No. 3:23-CV-340-MPM-RP, 2023 WL 6368330, at *3 (N.D. Miss. Sept. 12, 2023) (same), *report and recommendation adopted*, No. 3:23-CV-340-SA-RP, 2023 WL 6326659 (N.D. Miss. Sept. 28, 2023); *Harp v. Police and Fire Fed. Credit Union*, No. CV 23-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (same).

Plaintiff did not tender payment to Capital One in valid U.S. funds. *See* Goldstein Decl. Exh. B. Plaintiff's attempt to pay the balances owed on the credit cards is a legal nullity and was a fraudulent attempt to resolve his obligation without making the required payments. In response, Capital One closed Plaintiff's accounts and instructed him to continue making payments until the balance reaches zero. *See* Goldstein Decl. Exhs. C and D. There is no obligation on Capital One to accept Plaintiff's purported coupon. Plaintiff did not tender payment to Capital One in a proper format and his attempt to have his accounts re-opened, and obtain dividend payments and interest, should be rejected. Because Plaintiff did not tender payment in the form of U.S. funds to Capital One, there can be no cause of action against Capital One for not accepting the fraudulent tender instrument. Plaintiff's Complaint does not give rise to a valid cause of action against Capital One.

The Court should dismiss Plaintiff's Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Capital One in its entirety with prejudice, and award such any other relief it deems just and proper.

Dated: May 19, 2025
New York, NY

*/s/ Philip A. Goldstein*

Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*

# CERTIFICATION OF COMPLIANCE

The undersigned attorney does hereby certify that the foregoing was prepared on a computer using Microsoft Word and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and that it has fewer than 8,750 words and does not exceed 25 pages, excluding the case caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does including material contained in footnotes or endnotes. As determined by the word count function of the word-processing system used to prepare the foregoing brief, and pursuant to the above-referenced rule, the foregoing brief contains 1,860 words.

Dated: May 19, 2025

*<u>/s/ Philip A. Goldstein</u>*

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*