UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MOHAMED ROSHAN,                                    :    Case No. 1:25-cv-02653-RER-JAM
                                                   :
            Plaintiff,                             :
                                                   :
v.                                                 :
                                                   :
CAPITAL ONE FINANCIAL CORP.,                       :
                                                   :
            Defendant.                             :
                                                   :
                                                   :
------------------------------------------------------------ X

## CAPITAL ONE'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Philip A. Goldstein                       Blaec C. Croft
MCGUIREWOODS LLP                          MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor   Tower Two-Sixty
New York, New York 10020                  260 Forbes Ave., Suite 1800
(212) 548-2167                            Pittsburgh, PA 15222
pagoldstein@mcguirewoods.com              (412) 667-6057
                                          bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corp.*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

      I.      Plaintiff's Opposition Confirms He Cannot Set Forth A Valid Cause Of Action Against Capital One. ...................................................................... 1

      II.     Plaintiff May Not Assert New Claims Against Capital One In His Opposition. ................................................................................................. 3

CONCLUSION ................................................................................................................... 4

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Arnold v. Harp v. Police & Fire Fed. Credit Union*,
    No. CV 23-2577, 2023 WL 5152625 (E.D. Pa. Aug. 10, 2023)............................................2, 3

*Chavis v. T-Mobile US, Inc.*,
    No. A-23-CV-1513-DII-SH, 2024 WL 150734 (W.D. Tex. Jan. 11, 2024)............................2

*Derosa v. CAC Fin. Corp.*,
    278 F. Supp.3d 555 (E.D.N.Y. 2017) ........................................................................................4

*Douglas v. AutoNation Honda Covington Pike*,
    No. 3:23-CV-340-MPM-RP, 2023 WL 6368330 (N.D. Miss. Sept. 12, 2023)........................3

*Frederick v. Wells Fargo Home Mortg.*,
    No. 13-CV-7364 DLI LB, 2015 WL 1506394 (E.D.N.Y. Mar. 30, 2015) ...............................4

*Henson v. Santander Consumer USA, Inc.*,
    137 S. Ct. 1718 (2017) ...........................................................................................................2, 4

*Hurt v. Exeter Finance, LLC*,
    No. 4:23-cv-1285, 2023 WL 8088601 (E.D. Mo. Nov. 21, 2023) ...........................................2

*Lee Joseph Vidrine v. Capital One Bank*,
    No. 6:23-CV-01500, 2024 WL 802242 (W.D. La. Feb. 9, 2024)..............................................2

*Payne v. Spectrum*,
    No. SA-23-CV-01313-XR, 2023 WL 8681199 (W.D. Tex. Dec. 15, 2023)............................3

*Powell v. Am. Gen. Fin., Inc.*,
    310 F. Supp. 2d 481 (N.D.N.Y. 2004) ......................................................................................4

*Scriven v. Barnum*,
    No. 24-CV-1805 (EK)(MJ), 2024 WL 1769318 (E.D.N.Y. Apr. 24, 2024) ............................2

*Skvarla v. MRS BPO, LLC*,
    No. 21-CV-55 (ER), 2021 WL 2941118 (S.D.N.Y. July 12, 2021) .........................................4

*Thomas v. Wells Fargo Bank*,
    No. CV 23-00206-TFM-B, 2024 WL 478068 (S.D. Ala. Jan. 12, 2024) ..................................2

*Vidrine v. Capital One Bank*,
    No. 6:23-CV-01500, 2024 WL 790380 (W.D. La. Feb. 26, 2024)............................................2

*Wilson v. Aqua Fin.*,
    No. 3:23-5348-SAL-SVH, 2023 WL 7924150 (D. S.C. Oct. 26, 2023)...................................3

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998)..................................................................................................3

*Yarborough v. Queens Auto Mall, Inc.*,
    No. 08-CV-3179 DLI ALC, 2010 WL 1223584 (E.D.N.Y. Mar. 23, 2010) ...........................3

Defendant Capital One Financial Corporation ("Capital One"),[1] pursuant to Fed. R. Civ. P. 12(b)(6), submits this reply brief in support of its Motion to Dismiss *pro se* Plaintiff Mohamed Roshan's ("Plaintiff") Complaint for failure to state a valid cause of action and in response to Plaintiff's Response in Opposition (ECF No. 10) ("Opposition"), and states as follows:

## INTRODUCTION

Plaintiff's Opposition confirms he cannot set forth a valid cause of action against Capital One regarding his two credit card accounts Capital One closed after Plaintiff made fraudulent payment attempts. Plaintiff's attempted "payments," based on a universally rejected *pro se* theory under which an individual attempts to turn his monthly payment coupons into a security, were not in U.S. currency, which resulted in the closure of his credit card accounts.

There is nothing within Plaintiff's Complaint or Opposition that gives right to a valid cause of action. And Plaintiff's attempt to amend his Complaint through the Opposition should be denied.  Plaintiff's Complaint should be dismissed with prejudice.

## ARGUMENT

**I.    Plaintiff's Opposition Confirms He Cannot Set Forth A Valid Cause Of Action Against Capital One.**

The Opposition presents a confusing argument regarding how the Federal Reserve Act allegedly is related to Plaintiff's credit card accounts. This argument fails to evidence a standard creditor-debtor relationship, much less a valid basis for any alleged violation of law by Capital One. Plaintiff contends he is going to talk to the Office of the Comptroller of Currency and the Office of the State Comptroller to explain how Capital One is purportedly committing securities

---

[1] Capital One, N.A. is the proper defendant in this matter, as it is the national banking association that maintains credit card accounts, including the accounts at issue in this litigation. Capital One Financial Corporation is a non-operating holding company, which has at no time maintained the credit card accounts at issue in this action.  Therefore, Capital One Financial Corporation is not the proper defendant.

fraud as to his credit card accounts. Opposition, at 2-3. Plaintiff then goes through a nearly incomprehensible explanation as to how he should be able to pay off the sum owed to Capital One, based on his use of the credit cards, by turning the monthly billing statement from Capital One into a security that he can use to pay off the balance he owes to Capital One. *Id*. 3-8. These common *pro se* arguments are unavailing and should be rejected.

Plaintiff may not enforce the Federal Reserve Act. *See* 12 U.S.C. § 504; *see also Santander Consumer USA*, No. 3:24-cv-1125, 2025 WL 1358546, at *2 (D. Conn. May 9, 2025); *Scriven v. Barnum*, No. 24-CV-1805 (EK)(MJ), 2024 WL 1769318, at *1 (E.D.N.Y. Apr. 24, 2024) (dismissing *pro se* plaintiff's claims brought under the Federal Reserve Act for failure to state a claim as there is no private right of action under the Act); *Arnold v. Harp v. Police & Fire Fed. Credit Union*, No. CV 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.").

The monthly billing statements and accompanying payment stub from Capital One also are not negotiable instruments that can be transformed into a security to pay off the balance owed on Plaintiff's credit cards. *See Hurt v. Exeter Finance, LLC*, No. 4:23-cv-1285, 2023 WL 8088601, at *5 (E.D. Mo. Nov. 21, 2023) ("One cannot pay a debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'"); *see also Lee Joseph Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 802242, at *1 (W.D. La. Feb. 9, 2024), *report and recommendation adopted sub nom. Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 790380 (W.D. La. Feb. 26, 2024) (dismissing claims similar to those alleged by Plaintiff); *Thomas v. Wells Fargo Bank*, No. CV 23-00206-TFM-B, 2024 WL 478068, at *9 (S.D. Ala. Jan. 12, 2024) (same), *report and recommendation adopted*, No. 1:23-CV-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024); *Chavis v. T-Mobile US, Inc.*, No. A-23-CV-

1513-DII-SH, 2024 WL 150734, at *3 (W.D. Tex. Jan. 11, 2024) (same); *Payne v. Spectrum*, No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (same); *Wilson v. Aqua Fin.*, No. 3:23-5348-SAL-SVH, 2023 WL 7924150, at *4 (D. S.C. Oct. 26, 2023) (same); *Douglas v. AutoNation Honda Covington Pike*, No. 3:23-CV-340-MPM-RP, 2023 WL 6368330, at *3 (N.D. Miss. Sept. 12, 2023) (same), *report and recommendation adopted*, No. 3:23-CV-340-SA-RP, 2023 WL 6326659 (N.D. Miss. Sept. 28, 2023); *Harp v. Police and Fire Fed. Credit Union*, No. CV 23-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (same).

Capital One is under no obligation to accept Plaintiff's unsubstantiated theories regarding securities and is fully within its rights to close his credit card accounts based on the fraudulent payment attempts. Plaintiff may not pay his debt by turning the monthly billing statement into a security and there is no separate account which Plaintiff can access to pay his credit card debt. Plaintiff's other arguments are entirely unrelated to the common credit card relationship between himself and Capital One. Plaintiff's Complaint does not give rise to a valid cause of action against Capital One and the Court should dismiss it with prejudice.

## II.    Plaintiff May Not Assert New Claims Against Capital One In His Opposition.

Plaintiff's Opposition states Capital One is violating the Equal Credit Opportunity Act ("ECOA") and the Consumer Credit Protection Act (presumably, Plaintiff means the Fair Debt Collection Practices Act ("FDCPA")); however, his Complaint makes no such claim. Plaintiff may not amend his Complaint via his Opposition. *See Yarborough v. Queens Auto Mall, Inc.,* No. 08-CV-3179 DLI ALC, 2010 WL 1223584, at *2 (E.D.N.Y. Mar. 23, 2010) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for first time in plaintiff's opposition to a motion to dismiss)). To the extent Plaintiff raises new claims in his Opposition, they may not be considered by the Court. Plaintiff has not sought leave to amend and based on the theories set forth in the Complaint and Opposition, amendment would be futile.

Further, amendment would be futile as any claim under the ECOA or FDCPA fails as a matter of law based on the arguments set forth in the Opposition.  To set forth a claim for violation of the ECOA, Plaintiff must be declined for credit. *See Frederick v. Wells Fargo Home Mortg.*, No. 13-CV-7364 DLI LB, 2015 WL 1506394, at *5 (E.D.N.Y. Mar. 30, 2015) (citing *Powell v. Am. Gen. Fin., Inc.*, 310 F. Supp. 2d 481, 487 (N.D.N.Y. 2004)), *aff'd,* 649 F. App'x 29 (2d Cir. 2016). Plaintiff's applications for credit were approved by Capital One, as evidenced by his two credit card accounts.  Capital One subsequently closed the accounts, as set forth in the letters, based on Plaintiff's fraudulent payment attempts, which is not a violation of the ECOA.  *See* First Goldstein Decl. Exhs. C and D. To establish a violation under the FDCPA, Plaintiff must prove: "(2) the defendant collecting the debt must be considered a 'debt collector.'" *Skvarla v. MRS BPO, LLC*, No. 21-CV-55 (ER), 2021 WL 2941118, at *2 (S.D.N.Y. July 12, 2021) (quoting *Derosa v. CAC Fin. Corp.*, 278 F. Supp.3d 555, 559-60 (E.D.N.Y. 2017)).  The FDCPA expressly excludes creditors—entities that seek to collect "their own" debt—from the definition of a debt collector.  *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1724 (2017). Plaintiff's Opposition makes clear that the debt accrued because of his use of the credit cards was owed to Capital One, who does not meet the definition of a debt collector. Further, Plaintiff does not identify any debt collection activity.

Accordingly, the Court should not consider any new claim raised for the first time in the Opposition.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Capital One in its entirety with prejudice, and award such any other relief it deems just and proper.

Dated: New York, New York
      June 3, 2025

*/s/ Philip A. Goldstein*
Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*

## CERTIFICATION OF COMPLIANCE

The undersigned attorney does hereby certify that the foregoing was prepared on a computer using Microsoft Word and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and that it has fewer than 3,500 words and does not exceed 10 pages, excluding the case caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does including material contained in footnotes or endnotes. As determined by the word count function of the word-processing system used to prepare the foregoing brief, and pursuant to the above-referenced rule, the foregoing brief contains 1,343 words.

Dated: June 3, 2025

*/s/ Philip A. Goldstein*
Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*