UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMED ROSHAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORP.,<br><br>Defendant. | Case No. 1:25-cv-02653-RER-JAM |

**CAPITAL ONE'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corp.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................ 1

PROCEDURAL BACKGROUND ........................................................ 2

STANDARD OF REVIEW ........................................................ 2

ARGUMENT ........................................................ 4

I. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Equal Credit Opportunity Act. ........................................................ 4

II. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Fair Credit Reporting Act. ........................................................ 5

III. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Breach Of Contract. ........................................................ 6

IV. Plaintiff's Attempt To Fraudulently Pay Off His Credit Card Accounts Does Not Support Leave To Amend. ........................................................ 7

CONCLUSION ........................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Arar v. Ashcroft*,
585 F.3d 559 (2d Cir. 2009)....................3

*Arnold v. Harp v. Police & Fire Fed. Credit Union*,
No. CV 23-2577, 2023 WL 5152625 (E.D. Pa. Aug. 10, 2023)....................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Brass v. Am. Film Techs., Inc.*,
987 F.2d 142 (2d Cir. 1993)....................4

*Chavis v. T-Mobile US, Inc.*,
No. A-23-CV-1513-DII-SH, 2024 WL 150734 (W.D. Tex. Jan. 11, 2024)....................9

*Douglas v. AutoNation Honda Covington Pike*,
No. 3:23-CV-340-MPM-RP, 2023 WL 6368330 (N.D. Miss. Sept. 12, 2023)....................9

*Hurt v. Exeter Finance, LLC*,
No. 4:23-cv-1285, 2023 WL 8088601 (E.D. Mo. Nov. 21, 2023) ....................8

*Lee Joseph Vidrine v. Capital One Bank*,
No. 6:23-CV-01500, 2024 WL 802242 (W.D. La. Feb. 9, 2024)....................8

*Payne v. Spectrum*,
No. SA-23-CV-01313-XR, 2023 WL 8681199 (W.D. Tex. Dec. 15, 2023)....................9

*Thomas v. Wells Fargo Bank*,
No. CV 23-00206-TFM-B, 2024 WL 478068 (S.D. Ala. Jan. 12, 2024)....................9

*Thomas v. Wells Fargo Bank*,
No. 1:23-CV-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024)....................9

*Vidrine v. Capital One Bank*, No. 6:23-CV-01500
2024 WL 790380 (W.D. La. Feb. 26, 2024)....................8

*Wilson v. Aqua Fin.*,
No. 3:23-5348-SAL-SVH, 2023 WL 7924150 (D. S.C. Oct. 26, 2023)....................9

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................4

Defendant Capital One Financial Corporation ("Capital One"),[1] opposes *pro se* Plaintiff Mohamed Roshan's ("Plaintiff") Motion for Leave to Amend ("Motion"), and states as follows:

## INTRODUCTION

The Court should deny the Motion for Leave to Amend because the proposed Amended Complaint fails to set forth a claim upon which relief can be granted and the claims are still premised on Plaintiff's fraudulent attempt to tender payment to Capital One in non-legal tender and Capital One's subsequent closure of his credit card accounts. While Plaintiff asserts that the proposed Amended Complaint seeks to clarify the allegations and assert valid causes of action, the reality is that the claims against Capital One are still premised on a common *pro se* theory of liability, whereby the securitization of a consumer debt or application results in an independent source of funds to satisfy the debt incurred by the consumer.

The claims in the proposed Amended Complaint are all subject to dismissal. The claim for violation of the Equal Credit Opportunity Act ("ECOA") fails as Plaintiff does not allege he is a member of a protected class, that his application for credit was denied, or that Capital One engaged in like transactions with other parties with similar qualifications. The claims are based on actions that occurred on Plaintiff's Capital One credit card accounts after his application for credit was approved. Plaintiff's Fair Credit Reporting Act ("FCRA") claim fails as he does not identify any alleged inaccuracy or why the reporting is inaccurate. Similarly, the breach of contract claim fails because Plaintiff does not identify any term of the credit card agreement that Capital One specifically breached. Finally, because all the claims are premised on the underlying theory set forth in the original Complaint, that Plaintiff made all required payments and Capital One

[1] Capital One, N.A. is the proper defendant in this matter, as it is the national banking association that maintains credit card accounts, including the accounts at issue in this litigation. Capital One Financial Corporation is a non-operating holding company, which has at no time maintained the credit card accounts at issue in this action. Therefore, Capital One Financial Corporation is not the proper defendant.

inexplicable closed his accounts, they are subject to dismissal because Plaintiff's fraudulent attempt to tender payment to Capital One was not in U.S. currency and resulted in the closure of his credit card accounts. Capital One had no obligation to accept the purported "payment" and is not required to allow the accounts to remain open and subject to fraudulent payment attempts.

Capital One respectfully requests the Court to deny Plaintiff leave to file an Amended Complaint.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on April 3, 2025 and Capital One subsequently removed the case to this Court on May 12, 2025. ECF Nos. 1, 1-1. Plaintiff's Complaint asserts a cause of action for violation of the Federal Reserve Act related to his attempt to make payments turning the payment coupon into a negotiable instrument, and demanded Capital One reactivate his credit cards, give him his dividend payments and interest owed to him, and make his accounts open-ended. ECF No. 1-1 (Complaint) at 3. Capital One moved to dismiss the Complaint on May 19, 2025, with briefing completed on June 3, 2025. ECF Nos. 9-11 (Motion to Dismiss, Opposition, and Reply).

On July 16, 2025, Plaintiff moved for leave to file an Amended Complaint to assert causes of action for: (1) violation of the ECOA; (2) violation of the FCRA; and (3) breach of contract. ECF No. 18 (Motion for Leave to Amend). The new claims against Capital One are premised on Capital One's closure of his credit card accounts, purportedly without explanation or notice, and Plaintiff purportedly making all required payments. *Id.* ¶¶ 5-8.

## STANDARD OF REVIEW

"[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or

the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "motion to amend will be considered futile if the Court determines, 'as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Charlot v. Ecolab, Inc.*, 97 F. Supp.3d 40, 61 (E.D.N.Y. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)) (adopting report and recommendation).

On a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 570. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

For a claim to be facially plausible, a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Thus, the relevant inquiry is not whether any facts *could be* invented that would state a claim for relief, but whether sufficient facts *have been pled* in the first instance to support the legal claims asserted. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" and dismissal is required "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

Under the Rule 12(b)(6) standard, on a motion to dismiss, the reviewing court can consider

documents that are incorporated into the complaint by reference or "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## ARGUMENT

### I. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Equal Credit Opportunity Act.

Plaintiff's proposed Amended Complaint asserts a claim for violation of the ECOA on the basis that he was denied continued access to credit without a clear legitimate reason by Capital One, and this was discrimination. ECF No. 18 ¶¶ 10-13. However, Plaintiff's Complaint and proposed Amended Complaint identify a dispute that occurred after the accounts were opened, and Plaintiff's proposed Amended Complaint does not identify any of the requisite elements to assert an ECOA claim.

ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis "of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). To make an initial showing of ECOA discrimination, Plaintiff must allege that: "(1) he was a member of a protected class, (2) he applied for credit from the defendant, (3) he was qualified for credit but the defendant denied his credit application, and (4) the defendant continued to engage in the type of transaction in question with other parties with similar qualifications." *Germain v. M & T Bank Corp.*, 111 F.Supp.3d 506, 520-21 (S.D.N.Y. 2015) (quoting *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp.2d 283, 289 (N.D.N.Y. 2008).

Here, Plaintiff does not identify any of the requisite elements identified in *Germain*. Absent from the proposed Amended Complaint is any allegation Plaintiff is a member of a protected class, that his application for credit was denied, or that Capital One engaged in like

transactions with other parties with similar qualifications. *See* ECF No. 18 at 2-3. Further, Plaintiff's Complaint and Amended Complaint center on actions taken on his existing Capital One accounts, after he was approved for credit. *See* ECF No. 1-1 ¶¶ 5-8 (Capital One closed Plaintiff's accounts after they were opened); ECF No. 18 at 2-4 (Plaintiff asserts a payment dispute with Capital One on his existing accounts). And Capital One closed Plaintiff's existing accounts because of activity inconsistent with its expectations. ECF No. 9-2, Exs. C & D. Plaintiff's application for credit was not denied.

The proposed Amended Complaint lacks sufficient factual allegations to support a claim for violation of ECOA against Capital One, and therefore amendment to add such a claim is futile. Accordingly, the Court should deny Plaintiff leave to amend to add an ECOA claim.

## II. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Fair Credit Reporting Act.

Plaintiff's proposed Amended Complaint asserts a claim for violation of the FCRA premised on Capital One allegedly furnishing purportedly false or inaccurate information to the consumer reporting agencies. ECF No. 18 ¶¶ 14-17. Plaintiff alleges that Capital One failed to investigate his disputes. *Id.* The proposed Amended Complaint does not credibly identify any inaccuracy in the credit reporting to support an FCRA claim and does not set forth the requisite elements.

15 U.S.C. § 1681s-2(b) "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp.3d 70, 77–78 (W.D.N.Y. 2018) (citing *Redhead v. Winston & Winston, P.C.*, No. 01-cv-11475, 2002 WL 31106934, at *4 (S.D.N.Y. Sept. 20, 2002)). A "plaintiff [must] show actual inaccuracies [in the reported information] that a furnisher's objectively reasonable investigation would have been able

to discover" to prevail. *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 29-30 (1st Cir. 2010). Accordingly, inaccuracy is "an essential element of a claim for negligent or willful violation of § 1681s-2(b) of the FCRA." *See Artemov v. TransUnion, LLC*, No. 20-CV-1892 (BMC), 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020). "A prerequisite for any FCRA claim is that the challenged credit information is incomplete or inaccurate." *Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175 (CS), 2020 WL 6809059, at *3 (S.D.N.Y. Nov. 19, 2020).

Here, Plaintiff's proposed Amended Complaint does not identify the information that was purportedly inaccurate. *See* ECF No. 18. Plaintiff alleges only that Capital One "reported derogatory information" and "false and inaccurate information." *Id.* ¶¶ 8, 15. Plaintiff cannot make a general claim regarding "inaccurate information" to satisfy the requisite pleading requirements. Rather, Plaintiff must identify what specific information is inaccurate and why it is inaccurate to satisfy the pleading requirements. Absent the identification of any specific inaccuracy and the reason it is inaccurate, Plaintiff's FCRA claim must fail. Plaintiff also does not allege that the consumer reporting agencies sent a dispute to Capital One, which is another required element.

Accordingly, the Court should deny Plaintiff leave to amend to add an FCRA claim.

**III. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Breach Of Contract.**

Plaintiff's proposed Amended Complaint asserts a claim for breach of contract on the basis that Capital One breached the contract by unjustifiably closing his accounts and reporting negative activity. ECF No. 18 ¶¶ 18-22. The proposed Amended Complaint does not set forth a valid cause of action for breach of contract as Plaintiff does not identify the contract at issue or the term(s) allegedly breached by Capital One. Further, Plaintiff's attempt to fraudulently pay off his accounts with non-legal tender does not evidence him meeting all obligations.

To state a breach-of-contract claim, "[a] plaintiff must plead the provisions of the contract

upon which the claim is based—in other words, a complaint in a breach of contract action must set forth the terms of the agreement upon which liability is predicated." *Abadi v. Am. Airlines, Inc.*, No. 23-CV-4033, 2024 WL 1346437, at *45 (S.D.N.Y. Mar. 29, 2024) (internal quotation marks omitted). Here, Plaintiff does not identify the specific term(s) that Capital One purportedly breached. Plaintiff identifies a credit card agreement but does not identify what term within that agreement required Capital One to not close his accounts or report negative activity after he attempted to pay off his accounts by trying to manufacture the payment stub into a negotiable instrument. The failure to identify the specific term of the contract that was allegedly breached should be fatal.

Accordingly, the Court should deny Plaintiff leave to amend to add a breach of contract claim.

## IV. Plaintiff's Attempt To Fraudulently Pay Off His Credit Card Accounts Does Not Support Leave To Amend.

Plaintiff's original Complaint was premised on Capital One's rejection of his attempt to pay off his credit card accounts by treating the payment stub as a coupon that he could turn into a negotiable instrument to pay off his debt. ECF No. 1-1. Plaintiff contended that he sent a payment via these coupons and then Capital One shut his cards down, sending him letters stating his cards were cancelled. *Id.*; *see also* ECF No. 9-2 Exs. B (Plaintiff's September 18, 2023 correspondence to Capital One), C (Capital One's September 25, 2023 letter to Plaintiff regarding Account x6315), & D (Capital One's September 25, 2023 letter to Plaintiff regarding Account x8727).[2] The

[2] While Plaintiff's letter to Capital One and Capital One's responses are not attached to the Complaint, Plaintiff incorporates this correspondence into his pleading by referencing them within his proposed Amended Complaint. *See* Goldstein Decl., Ex. A ¶¶ 6-8. On that basis, this Court can review the correspondence for purposes of evaluating the Opposition to Motion for Leave to Amend. *See Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) (the Court is entitled to consider documents integral to the complaint and relied upon in it, and facts of which judicial notice may be taken pursuant to Fed. R. Evid. 201).

proposed Amended Complaint focuses on the same premise, which cannot support a valid cause of action against Capital One.

Plaintiff's September 13, 2023 letter accuses Capital One of "double dipping" by redeeming his coupon and accepting his payment, obtaining twice what was owed. *See* ECF No. 9-2, Ex. B. Plaintiff "endorsed" the payment stubs to Capital One, calling them "Memo Money Order by Accommodation," to pay off the balance he owed to Capital One on the credit cards. *Id.*, Exs. B at 2-3. Capital One responded to this fraudulent attempt to pay off the debts by closing Plaintiff's credit card accounts. *Id.*, Exs. C and D.

Plaintiff's attempt to make payments on his credit card accounts and Capital One's closure of the accounts because of the fraudulent payment attempts remains the premise for the proposed Amended Complaint. Plaintiff alleges Capital One closed the accounts without providing sufficient explanation or notice, and that he timely made all payments. ECF No. 18 ¶¶ 6-8. Plaintiff's claims are based on the closure of the accounts after his attempt pay off the balance owed. *Id.* ¶¶ 10-22. These allegations cannot support a claim against Capital One.

The correspondence between Plaintiff and Capital One shows that Plaintiff did not make timely payments with legal tender and Capital One closed his accounts in response to these fraudulent payments. The payment stub is not a negotiable instrument, and Plaintiff cannot turn it into one by writing certain language on it. *See Hurt v. Exeter Finance, LLC*, No. 4:23-cv-1285, 2023 WL 8088601, at *5 (E.D. Mo. Nov. 21, 2023) ("One cannot pay a debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'"); *see also Lee Joseph Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 802242, at *1 (W.D. La. Feb. 9, 2024), *report and recommendation adopted sub nom. Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 790380 (W.D. La. Feb. 26, 2024) (dismissing

claims similar to those alleged by Plaintiff); *Thomas v. Wells Fargo Bank*, No. CV 23-00206-TFM-B, 2024 WL 478068, at *9 (S.D. Ala. Jan. 12, 2024) (same), *report and recommendation adopted*, No. 1:23-CV-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024); *Chavis v. T-Mobile US, Inc.*, No. A-23-CV-1513-DII-SH, 2024 WL 150734, at *3 (W.D. Tex. Jan. 11, 2024) (same); *Payne v. Spectrum*, No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (same); *Wilson v. Aqua Fin.*, No. 3:23-5348-SAL-SVH, 2023 WL 7924150, at *4 (D. S.C. Oct. 26, 2023) (same); *Douglas v. AutoNation Honda Covington Pike*, No. 3:23-CV-340-MPM-RP, 2023 WL 6368330, at *3 (N.D. Miss. Sept. 12, 2023) (same), *report and recommendation adopted*, No. 3:23-CV-340-SA-RP, 2023 WL 6326659 (N.D. Miss. Sept. 28, 2023); *Harp v. Police and Fire Fed. Credit Union*, No. CV 23-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (same).

Plaintiff did not tender payment to Capital One in valid U.S. funds. *See* ECF No. 9-2, Ex. B. Plaintiff's attempt to pay the balances owed on the credit cards is a legal nullity and was a fraudulent attempt to resolve his obligation without making the required payments. In response, Capital One closed Plaintiff's accounts and instructed him to continue making payments until the balance reaches zero. *Id.*, Exs. C and D. There is no obligation on Capital One to accept Plaintiff's purported coupon. Plaintiff did not tender payment to Capital One in a proper format and his attempt to have his accounts re-opened, and obtain dividend payments and interest, should be rejected. Because Plaintiff did not tender payment in the form of U.S. funds to Capital One, there can be no cause of action against Capital One for not accepting the fraudulent tender instrument. Plaintiff's proposed Amended Complaint does not give rise to a valid cause of action against Capital One based on his attempted payment and Capital One's closure of the accounts.

The Court should deny Plaintiff's Motion for Leave to Amend.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Leave to Amend, and award such any other relief it deems just and proper.

Dated: July 25, 2025
New York, NY

*/s/ Philip A. Goldstein*

Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*

## CERTIFICATION OF COMPLIANCE

The undersigned attorney does hereby certify that the foregoing was prepared on a computer using Microsoft Word and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and that it has fewer than 8,750 words and does not exceed 25 pages, excluding the case caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does including material contained in footnotes or endnotes. As determined by the word count function of the word-processing system used to prepare the foregoing brief, and pursuant to the above-referenced rule, the foregoing brief contains 3,037 words.

Dated: July 25, 2025

*/s/ Philip A. Goldstein*

Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*