UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMED ROSHAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORP.,<br><br>Defendant. | Case No. 1:25-cv-02653-RER-JAM |

**CAPITAL ONE'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corp.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................ 1

PROCEDURAL BACKGROUND........................................ 3

STANDARD OF REVIEW ........................................ 4

ARGUMENT........................................ 6

I. The Court Should Not Consider New Arguments And Factual Assertions Raised For The First Time In Plaintiff's Objection. ........................................ 6

II. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Equal Credit Opportunity Act. ........................................ 7

III. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Fair Credit Reporting Act........................................ 10

IV. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Breach Of Contract. ........................................ 12

V. Plaintiff's Attempt To Fraudulently Pay Off His Credit Card Accounts Does Not Support Leave To Amend........................................ 14

CONCLUSION........................................ 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abadi v. Am. Airlines, Inc.*,
No. 23-CV-4033, 2024 WL 1346437 (S.D.N.Y. Mar. 29, 2024) ....13

*Arar v. Ashcroft*,
585 F.3d 559 (2d Cir. 2009) ....5

*Artemov v. TransUnion, LLC*,
No. 20-CV-1892 (BMC), 2020 WL 5211068 (E.D.N.Y. Sept. 1, 2020) ....11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....5

*Brass v. Am. Film Techs., Inc.*,
987 F.2d 142 (2d Cir. 1993) ....5

*Charlot v. Ecolab, Inc.*,
97 F. Supp. 3d 40 (E.D.N.Y. 2015) ....4

*Chavis v. T-Mobile US, Inc.*,
No. A-23-CV-1513-DII-SH, 2024 WL 150734 (W.D. Tex. Jan. 11, 2024) ....9

*Chiang v. Verizon New England, Inc.*,
595 F.3d 26 (1st Cir. 2010) ....11

*Comunale v. Home Depot, U.S.A., Inc.*,
328 F. Supp. 3d 70 (W.D.N.Y. 2018) ....10

*United States ex rel. Coyne v. Amgen, Inc.*,
243 F. Supp. 3d 295 (E.D.N.Y. 2017) ....4

*Coyne v. Amgen, Inc.*,
717 F. App'x 26 (2d Cir. 2017) ....4

*Douglas v. AutoNation Honda Covington Pike*,
No. 3:23-CV-340-MPM-RP, 2023 WL 6368330 (N.D. Miss. Sept. 12, 2023) ....9

*Douglas v. AutoNation Honda Covington Pike*,
No. 3:23-CV-340-SA-RP, 2023 WL 6326659 (N.D. Miss. Sept. 28, 2023) ....9

*Germain v. M & T Bank Corp.*,
111 F. Supp. 3d 506 (S.D.N.Y. 2015)....................8

*Harp v. Police and Fire Fed. Credit Union*,
No. CV 23-2577, 2023 WL 5152625 (E.D. Pa. Aug. 10, 2023)....................9

*Hurt v. Exeter Fin., LLC*,
No. 4:23-cv-1285, 2023 WL 8088601 (E.D. Mo. Nov. 21, 2023)....................9

*Illis v. Artus*,
No. 06-CV-3077, 2009 WL 2730870 (E.D.N.Y. Aug. 28, 2009)....................6

*Irick v. Capra*,
No. 23-cv-09123 (JLR) (JLC), 2024 WL 5039664 (S.D.N.Y. Dec. 9, 2024)....................6

*Lee Joseph Vidrine v. Capital One Bank*,
No. 6:23-CV-01500, 2024 WL 802242 (W.D. La. Feb. 9, 2024)....................9

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007)....................4

*Ostreicher v. Chase Bank USA, N.A.*,
No. 19-CV-8175 (CS), 2020 WL 6809059 (S.D.N.Y. Nov. 19, 2020)....................11

*Pall Corp. v. Entegris, Inc.*,
249 F.R.D. 48 (E.D.N.Y. 2008)....................4

*Payne v. Spectrum*,
No. SA-23-CV-01313-XR, 2023 WL 8681199 (W.D. Tex. Dec. 15, 2023)....................9

*Pizarro v. Gomprecht*,
No. 10-CV-4803, 2013 WL 990997 (E.D.N.Y. Mar. 13, 2013)....................6

*Thomas v. Wells Fargo Bank*,
No. CV 23-00206-TFM-B, 2024 WL 478068 (S.D. Ala. Jan. 12, 2024)....................9

*Thomas v. Wells Fargo Bank*,
No. 1:23-CV-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024)....................9

*Vidrine v. Capital One Bank*,
No. 6:23-CV-01500, 2024 WL 790380 (W.D. La. Feb. 26, 2024)....................9

*VisionChina Media Inc. v. S'holder Representative Servs., LLC*,
109 A.D.3d 49, 58 (1st Dep't 2013)....................14

*Wilson v. Aqua Fin.*,
No. 3:23-5348-SAL-SVH, 2023 WL 7924150 (D. S.C. Oct. 26, 2023)....................9

**Statutes**

15 U.S.C. § 1681s-2(b) ....................10, 11

15 U.S.C. § 1691(a)(1)....................8

28 U.S.C. § 636(b)(1)(C) ....................4

**Other Authorities**

Federal Rule of Civil Procedure Rule 12(b)(6)....................4, 5

Defendant Capital One Financial Corporation ("Capital One")[1] respectfully submits this response to *pro se* Plaintiff Mohamed Roshan's ("Plaintiff") Objection to Magistrate Judge Marutollo's Report and Recommendation ("Objection"). For the reasons discussed below, Plaintiff's Objection is without merit and Magistrate Judge Marutollo's recommendation that Plaintiff's Motion for Leave to Amend the Complaint be denied should be adopted.

## INTRODUCTION

Plaintiff does not present any valid grounds for objecting to Magistrate Judge Marutollo's Report and Recommendation ("R&R" or "Report and Recommendation") (ECF No. 022). Indeed, the Court should adopt the Report and Recommendation and deny the Motion for Leave to Amend the Complaint because the proposed Amended Complaint fails to set forth a claim upon which relief can be granted. Nothing within Plaintiff's Objection alters the fact that the proposed Amended Complaint is still based on Plaintiff's fraudulent attempt to tender payment to Capital One and Capital One's subsequent closure of his credit card accounts. Indeed, Judge Marutollo correctly concludes that Plaintiff's allegations and arguments fell below the threshold for stating a viable claim. Nothing presented by Plaintiff in his Objection and supplemental filings should alter that decision.

While Plaintiff contends that the proposed Amended Complaint adequately set forth causes of action against Capital One, the Objection adds new arguments and documents that were not before the Magistrate Judge on the Motion for Leave to Amend the Complaint, which should not be considered by the Court. Plaintiff's claims also remain premised on a common *pro se* theory of

[1] Capital One, N.A. is the proper defendant in this matter, as it is the national banking association that maintains credit card accounts, including the accounts at issue in this litigation. Capital One Financial Corporation is a non-operating holding company, which has at no time maintained the credit card accounts at issue. Therefore, Capital One Financial Corporation is not the proper defendant.

liability under which the securitization of a consumer debt or application results in an independent source of funds to satisfy the debt incurred by the consumer and are futile.

As Magistrate Judge Marutollo correctly recommends, the claims in the proposed Amended Complaint are subject to dismissal. The claim for violation of the Equal Credit Opportunity Act ("ECOA") fails as Plaintiff's proposed Amended Complaint does not state that he is a member of a protected class, that his application for credit was denied, or that Capital One engaged in like transactions with other parties with similar qualifications. The claims are based on actions that occurred on Plaintiff's Capital One credit card accounts after his application for credit was approved. Although the Objection attempts to clarify, even it was considered by the Court, Plaintiff knows that his credit card accounts were closed due to his tender of fraudulent payments. *See, e.g.*, ECF Nos. 9-5 and 9-6 (account closure letters); ECF No. 24 at 7-13.

Plaintiff's Fair Credit Reporting Act ("FCRA") claim fails as he does not identify any alleged inaccuracy or why the reporting is inaccurate. Plaintiff's Objection does not change this outcome as the alleged inaccuracy is based on his fraudulent tender of payments, which are not legal tender, and Capital One was under no obligation to accept. Similarly, the breach of contract claim fails because Plaintiff does not identify any term of the credit card agreement that Capital One specifically breached. The Objection attempts to clarify by claiming that Capital One could only close the account based on a lawful cause, which it did after Plaintiff fraudulently tendered payment stubs as negotiable instruments.

Finally, because all the claims remain premised on the underlying theory set forth in the original Complaint—that Plaintiff made all required payments and Capital One inexplicably closed his accounts—they are subject to dismissal because Plaintiff's fraudulent attempt to tender payment to Capital One was not in U.S. currency, which resulted in the closure of his credit card

accounts. Capital One had no obligation to accept the purported "payment" and is not required to allow the accounts to remain open and subject to fraudulent payment attempts because Plaintiff believes he can convert payment stubs into negotiable instruments to satisfy his debt.

Capital One respectfully requests that the Court adopt the Report and Recommendation and deny Plaintiff leave to file an Amended Complaint.

## PROCEDURAL BACKGROUND

On April 3, 2025, Plaintiff filed his Complaint in the New York State Supreme Court County of Queens, which Capital One removed to this Court on May 12, 2025. ECF Nos. 1, 1-1. Plaintiff's Complaint asserts a cause of action for violation of the Federal Reserve Act related to his attempt to make payments on his Capital One credit card accounts, turning the payment coupons into a negotiable instrument. Plaintiff also demanded that Capital One reactivate his credit cards, give him his dividend payments and interest owed to him, and make his accounts open-ended. ECF No. 1-1 (Complaint) at 3. On May 19, 2025, Capital One moved to dismiss the Complaint, with briefing completed on June 3, 2025. ECF Nos. 9-11 (Motion to Dismiss, Opposition, and Reply).

On July 16, 2025, Plaintiff moved for leave to file an amended complaint to assert causes of action for: (1) violation of the ECOA; (2) violation of the FCRA; and (3) breach of contract. *See* ECF No. 18 (Motion for Leave to Amend). The new claims against Capital One are based on Capital One's closure of his credit card accounts, purportedly without explanation or notice, and Plaintiff purportedly making all required payments. *Id.* ¶¶ 5-8. Capital One opposed the Motion [ECF No. 19] and Plaintiff filed a Reply [ECF No. 20].

On August 6, 2025, Magistrate Judge Marutollo issued the Report and Recommendation, which recommends that Plaintiff's motion for leave to amend the complaint be denied because amendment would be futile. *See* R&R 22. Specifically, the Report and Recommendation notes

that the proposed Amended Complaint: (1) fails to assert that Plaintiff belonged to a protected class, was denied credit, or that Capital One approved similarly situated persons in support of his ECOA claim; (2) fails to identify any purported inaccuracy in the credit reporting in support of his FCRA claim; and (3) fails to identify any term of a contract breached by Capital One. *Id.*

In response, Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation [ECF No. 24], Demand for Judicial Notice [ECF No. 25], and Supplemental Submission in Support of Objections to the Report and Recommendation [ECF No. 26].

## STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); *see also United States ex rel. Coyne v. Amgen, Inc.*, 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), *aff'd sub nom.*, *Coyne v. Amgen, Inc.*, 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

"[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "motion to amend will be considered futile if the Court determines, 'as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Charlot v. Ecolab, Inc.*, 97 F. Supp.

3d 40, 61 (E.D.N.Y. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)) (adopting report and recommendation).

On a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 570. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

For a claim to be facially plausible, a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Thus, the relevant inquiry is not whether any facts *could be* invented that would state a claim for relief, but whether sufficient facts *have been pled* in the first instance to support the legal claims asserted. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" and dismissal is required "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

Under the Rule 12(b)(6) standard, on a motion to dismiss, the reviewing court can consider documents that are incorporated into the complaint by reference or "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## ARGUMENT

### I. The Court Should Not Consider New Arguments And Factual Assertions Raised For The First Time In Plaintiff's Objection.

Plaintiff's Objection makes arguments and attempts to introduce evidence absent from his Motion for Leave to file an Amended Complaint, proposed Amended Complaint, and Reply. Plaintiff's Motion is a single page consisting of three paragraphs [ECF No. 18 at 1], the Reply in support is two pages of argument plus eighteen pages of exhibits [ECF No. 20], while the Objection totals 206 pages [ECF Nos. 24, 26]. The Court need not consider new arguments and facts raised for the first time in Plaintiff's Objection.

It is well-established that a district court generally will not consider new arguments or new evidence raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not. *See Pizarro v. Gomprecht*, No. 10-CV-4803, 2013 WL 990997, at *2 n. 1 (E.D.N.Y. Mar. 13, 2013), *appeal dismissed* (July 18, 2013) (quoting *Chalasani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at *1 n. 3 (E.D.N.Y. Sept. 26, 2011)) ("Generally, courts do not consider such 'new arguments' or new evidence 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not' and the Court declines to do so."); *Illis v. Artus*, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Irick v. Capra*, No. 23-cv-09123 (JLR) (JLC), 2024 WL 5039664, at *2 (S.D.N.Y. Dec. 9, 2024) (quoting *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020)).

Nearly the entirety of Plaintiff's Objection raises new arguments and factual assertions that were not raised in support of his Motion for Leave to Amend the Complaint. Plaintiff's arguments

in support of his ECOA, FCRA, and breach of contract claims in the Objection are not within the briefing before the Magistrate Judge. Further, the only exhibits before the Magistrate Judge were Plaintiff's fraudulent attempt to tender payment by writing certain language on payment coupons to turn them into a negotiable instrument to satisfy his debt to Capital One. ECF Nos. 18, 20.

The Court should ignore the arguments and exhibits attached to Plaintiff's Objection that were not raised before the Magistrate Judge issued the Report and Recommendation denying Plaintiff's motion for leave to amend the Complaint based on futility.

## II. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Equal Credit Opportunity Act.

Plaintiff's proposed Amended Complaint asserts a claim for violation of the ECOA on the basis that he, as a credit applicant, was denied continued access to credit without a clear legitimate reason by Capital One, and this was discrimination. *See* ECF No. 18 ¶¶ 10-13. However, Plaintiff's proposed Amended Complaint does not identify any of the requisite elements to assert an ECOA claim, and the Report and Recommendation agrees.

Plaintiff now attempts to clarify that his original Complaint: (1) established his membership in a protected class: (2) that he seeks to add an ECOA claim on the basis of Capital One's cancellation of his extension of credit, not as an applicant as alleged; and (3) that on information and belief Capital One continues to extend credit to consumers with similar risk profiles (based on Plaintiff's attempt to pay off credit card balances by writing certain language on a payment stub and remitting that to Capital One as a purported tender of payment in good funds [*see* ECF No. 24 at 7-13]). *See* ECF No. 24 at 2-3. Nothing within the Objection alters the fact that the proposed Amended Complaint fails to state a claim for violation of the ECOA and allowing amendment would be futile.

ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis "of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). To make an initial showing of ECOA discrimination, Plaintiff must allege that: "(1) he was a member of a protected class, (2) he applied for credit from the defendant, (3) he was qualified for credit but the defendant denied his credit application, and (4) the defendant continued to engage in the type of transaction in question with other parties with similar qualifications." *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 520-21 (S.D.N.Y. 2015) (quoting *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 289 (N.D.N.Y. 2008)).

Plaintiff's proposed Amended Complaint does not identify any of the requisite elements set forth in *Germain*. Absent is any allegation that Plaintiff is a member of a protected class, that his application for credit was denied, or that Capital One engaged in like transactions with other parties with similar qualifications. *See* ECF No. 18 at 2-3. To the extent that Plaintiff wishes to incorporate allegations made in his original Complaint, that attempt at incorporation is not within the proposed Amended Complaint and the Objection still does not state that he was discriminated against based on the protected class. Plaintiff's proposed Amended Complaint also centers on actions taken on his existing Capital One accounts, after he was approved for credit. *See* ECF No. 18 at 2-4 (Plaintiff asserts a payment dispute with Capital One on his existing accounts). And Capital One closed Plaintiff's existing credit card accounts because of activity inconsistent with its expectations. ECF No. 9-2, Exhs. C and D. Plaintiff's application for credit was not denied.

To the extent that Plaintiff now contends that his ECOA claim in the proposed Amended Complaint is not based on an application, despite identifying himself as a credit applicant, and is based on the closure of the accounts, the allegations still fail. Plaintiff admits that he attempted to

pay the balances owed to Capital One via fraudulent tenders of payment by writing certain language on payment stubs, thereby creating negotiable instruments. *See* ECF No. 24 at 7-13, 16. This theory of recovery, and therefore the ECOA claim, is deeply flawed. A payment stub is not a negotiable instrument, and Plaintiff cannot turn it into one by writing certain language on it. *See Hurt v. Exeter Fin., LLC*, No. 4:23-cv-1285, 2023 WL 8088601, at *5 (E.D. Mo. Nov. 21, 2023) ("One cannot pay a debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'"); *see also Lee Joseph Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 802242, at *1 (W.D. La. Feb. 9, 2024), *report and recommendation adopted sub nom. Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 790380 (W.D. La. Feb. 26, 2024) (dismissing claims similar to Plaintiff); *Thomas v. Wells Fargo Bank*, No. CV 23-00206-TFM-B, 2024 WL 478068, at *9 (S.D. Ala. Jan. 12, 2024) (same), *report and recommendation adopted*, No. 1:23-CV-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024); *Chavis v. T-Mobile US, Inc.*, No. A-23-CV-1513-DII-SH, 2024 WL 150734, at *3 (W.D. Tex. Jan. 11, 2024) (same); *Payne v. Spectrum*, No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (same); *Wilson v. Aqua Fin.*, No. 3:23-5348-SAL-SVH, 2023 WL 7924150, at *4 (D. S.C. Oct. 26, 2023) (same); *Douglas v. AutoNation Honda Covington Pike*, No. 3:23-CV-340-MPM-RP, 2023 WL 6368330, at *3 (N.D. Miss. Sept. 12, 2023) (same), *report and recommendation adopted*, No. 3:23-CV-340-SA-RP, 2023 WL 6326659 (N.D. Miss. Sept. 28, 2023); *Harp v. Police and Fire Fed. Credit Union*, No. CV 23-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (same).

Plaintiff is aware of the reason for his credit card accounts being closed. Plaintiff's attempts to pay his credit card balances using fraudulent methods is a valid reason to close the accounts and end the banking relationship, and he cannot establish that he was qualified to continue to be

extended credit by Capital One considering the fraud. Payments to Capital One are required to be made in good funds and trying to turn a payment stub into a negotiable instrument to pay a debt, simply by writing certain words on it, does not equate to acceptable use of an account. *See* ECF No. 24-1 at 74-75. The proposed Amended Complaint fails to allege that Plaintiff was qualified to continue to receive credit after his fraud, as set forth in the Objection.

The proposed Amended Complaint lacks sufficient factual allegations to support a claim for violation of ECOA against Capital One, and therefore amendment to add such a claim is futile. Accordingly, the Court should deny Plaintiff leave to amend to add an ECOA claim and adopt the Report and Recommendation.

## III. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Violation Of The Fair Credit Reporting Act.

Plaintiff's proposed Amended Complaint asserts a claim for violation of the FCRA premised on Capital One allegedly furnishing purportedly false or inaccurate information to the consumer reporting agencies. *See* ECF No. 18 ¶¶ 14-17. Plaintiff alleges that Capital One failed to investigate his disputes. *Id.* The proposed Amended Complaint does not credibly identify any inaccuracy in the credit reporting to support an FCRA claim and does not set forth the requisite elements. Plaintiff's Objection contends that the representation that his accounts were delinquent and charged off was inaccurate because he disputed the debt subject to a setoff via the "Peace, Prosperity & Freedom Legacy Dynasty Trust." ECF No. 24 at 3. Despite Plaintiff's argument, the proposed Amended Complaint does not identify an inaccuracy and the reference to the tender of lawful payment is false.

15 U.S.C. § 1681s-2(b) "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70,

77–78 (W.D.N.Y. 2018) (citing *Redhead v. Winston & Winston, P.C.*, No. 01-cv-11475, 2002 WL 31106934, at *4 (S.D.N.Y. Sept. 20, 2002)). A "plaintiff [must] show actual inaccuracies [in the reported information] that a furnisher's objectively reasonable investigation would have been able to discover" to prevail. *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 29-30 (1st Cir. 2010). Accordingly, inaccuracy is "an essential element of a claim for negligent or willful violation of § 1681s-2(b) of the FCRA." *See Artemov v. TransUnion, LLC*, No. 20-CV-1892 (BMC), 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020). "A prerequisite for any FCRA claim is that the challenged credit information is incomplete or inaccurate." *Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175 (CS), 2020 WL 6809059, at *3 (S.D.N.Y. Nov. 19, 2020).

Plaintiff's proposed Amended Complaint does not identify the information that was purportedly inaccurate. *See* ECF No. 18. Plaintiff alleges only that Capital One "reported derogatory information" and "false and inaccurate information." *Id.* ¶¶ 8, 15. Plaintiff cannot make a general claim regarding "inaccurate information" to satisfy the requisite pleading requirements. Rather, Plaintiff must identify what specific information is inaccurate and why it is inaccurate to satisfy the pleading requirements. Absent the identification of any specific inaccuracy and the reason it is inaccurate, Plaintiff's FCRA claim must fail. Plaintiff also does not allege that the consumer reporting agencies sent a dispute to Capital One, which is another required element. The Report and Recommendation correctly determined that the proposed Amended Complaint is "devoid of any allegations identifying the precise information…that was purportedly inaccurate." R&R at 9.

To the extent that Plaintiff's Objection attempts to cure the deficiencies in the proposed Amended Complaint, it cannot do so. There are no such allegations in the proposed Amended Complaint that the Magistrate Judge reviewed and any attempt to cure the deficiencies via the

Objection must fail as Plaintiff cannot revise his proposed Amended Complaint via this process. Further, although Plaintiff now identifies the reporting of the accounts as delinquent and charged off as the potential inaccuracy, it is self-evident from the documents attached to the Objection that Plaintiff's fraudulent attempts to make payments by converting payment stubs to legal tender (which is not valid, as set forth above) cannot give rise to any inaccuracy as they are very clearly not legal tender. ECF No. 24 at 7-13. Plaintiff may not manufacture a credit reporting dispute by tendering fraudulent payments to Capital One, and then claim the reporting is inaccurate because Capital One did not accept the fraudulent tender. There is no inaccuracy as Plaintiff's purported tender of payment did not satisfy his obligations to Capital One on the credit card accounts.

Accordingly, the Court should deny Plaintiff leave to amend to add an FCRA claim and adopt the Report and Recommendation.

## IV. Plaintiff's Proposed Amended Complaint Fails To State A Claim For Breach Of Contract.

Plaintiff's proposed Amended Complaint asserts a claim for breach of contract on the basis that Capital One breached the contract by unjustifiably closing his accounts and reporting negative activity. *See* ECF No. 18 ¶¶ 18-22. The proposed Amended Complaint does not set forth a valid cause of action for breach of contract as Plaintiff does not identify the contract at issue or the term(s) allegedly breached by Capital One. To the extent that the Objection attempts to remedy these deficiencies, even though there are no such allegations in the proposed Amended Complaint, Plaintiff contends that Capital One breached an agreement by closing the accounts without lawful cause and refusing to credit his fraudulent tenders of payment. *See* ECF No. 24 at 4. The agreement Plaintiff attaches to the Objection states that Capital One "may close or suspend [his] Account at any time and for any reason permitted by law." ECF No. 24-1 at 77. The agreement also states that "[y]our payment must be made in U.S. dollars from a U.S. deposit account in a form acceptable to

us." *Id.*, at 75. The submission of fraudulent payments to Capital One violates that agreement and a valid reason to close Plaintiff's credit card accounts. Further, Plaintiff's attempt to fraudulently pay his credit card account balances with non-legal tender does not evidence him meeting all obligations. *Id.*

To state a breach-of-contract claim, "[a] plaintiff must plead the provisions of the contract upon which the claim is based—in other words, a complaint in a breach of contract action must set forth the terms of the agreement upon which liability is predicated." *Abadi v. Am. Airlines, Inc.*, No. 23-CV-4033, 2024 WL 1346437, at *45 (S.D.N.Y. Mar. 29, 2024) (internal quotation marks omitted). Here, within the proposed Amended Complaint, Plaintiff does not identify the specific term(s) that Capital One purportedly breached. The proposed Amended Complaint identifies a credit card agreement but does not identify what term(s) within that agreement required Capital One to: (1) accept his fraudulent payment attempts; (2) not close his credit card accounts; or (3) not report negative activity after he attempted to pay off his accounts by trying to turn the payment stub into a negotiable instrument. The failure to identify the specific term(s) of the contract that was allegedly breached should be fatal to Plaintiff's claim.

The Objection also confirms that the proposed Amended Complaint does not contain the requisite elements. There is no legal requirement that Capital One keep Plaintiff's accounts open while he is attempting to pay the balances by turning the payment stubs into negotiable instruments, which is not legal tender. ECF No. 24-1 at 74, 75. Indeed, fraud is against the law. Even if the proposed Amended Complaint contained the assertions in the Objection, amendment would still be futile because it is lawful to close an account based on fraud by the accountholder. Nor has Plaintiff met his material obligation that he was acting in compliance with the credit card agreement by the fraudulent tender of the payment stubs as legal tender. *Id.*; *see also VisionChina*

*Media Inc. v. S'holder Representative Servs., LLC*, 109 A.D.3d 49, 58 (1st Dep't 2013) (to state a claim for breach of contract, a plaintiff must allege their performance with the agreement).

Accordingly, the Court should deny Plaintiff leave to amend to add a breach of contract claim and adopt the Report and Recommendation.

## V. Plaintiff's Attempt To Fraudulently Pay Off His Credit Card Accounts Does Not Support Leave To Amend.

Plaintiff's original Complaint was based on Capital One's rejection of his attempt to pay off his credit card accounts by treating the payment stub as a coupon that he could turn into a negotiable instrument to pay off his debt. *See* ECF No. 1-1. Plaintiff contended that he sent a payment via these coupons and then Capital One closed his credit card accounts, sending him letters stating his cards were cancelled. *Id.*; *see also* ECF No. 9-2 Exs. B (Plaintiff's September 18, 2023 correspondence to Capital One), C (Capital One's September 25, 2023 letter to Plaintiff regarding Account x6315), and D (Capital One's September 25, 2023 letter to Plaintiff regarding Account x8727). The proposed Amended Complaint and Objection focus on the same premise, which cannot support a valid cause of action against Capital One.

Plaintiff's September 13, 2023 letter accuses Capital One of "double dipping" by redeeming his coupon and accepting his payment, obtaining twice what was owed. *See* ECF No. 9-2, Ex. B. Plaintiff "endorsed" the payment stubs to Capital One, calling them "Memo Money Order by Accommodation," to pay off the balance he owed to Capital One on the credit cards. *Id.*, Exs. B at 2-3; ECF No. 24 at 7-13. Capital One responded to this fraudulent attempt to pay off the debts by closing Plaintiff's credit card accounts. ECF No. 9-2, Exs. C and D; ECF No. 24-1 at 85-86.

Plaintiff's attempt to make payments on his credit card accounts and Capital One's closure of the accounts because of the fraudulent payment attempts remains the premise for the proposed

Amended Complaint. Plaintiff alleges that Capital One closed the accounts without providing sufficient explanation or notice, and that he timely made all payments. ECF No. 18 ¶¶ 6-8. Plaintiff's claims are based on the closure of the accounts after his attempt pay off the balance owed. *Id*. ¶¶ 10-22. The Objection raises the same issues. ECF No. 24. These allegations cannot support a claim against Capital One no matter how many times they are asserted.

The correspondence between Plaintiff and Capital One shows that Plaintiff did not make timely payments with legal tender and Capital One closed his accounts in response to these fraudulent payments. ECF No. 24-1 at 74, 75. The payment stub is not a negotiable instrument, and Plaintiff cannot turn it into one by writing certain language on it. *See id*; *see also supra* Argument II.

Plaintiff did not tender payment to Capital One in valid U.S. funds. *See* ECF No. 9-2, Ex. B; ECF No. 24-1 at 75. Plaintiff's attempt to pay the balances owed on the credit cards is a legal nullity and was a fraudulent attempt to resolve his obligation without making the required payments. In response, Capital One closed Plaintiff's accounts and instructed him to continue making payments until the balance reaches zero. *See* ECF No. 9-2, Exs. C and D. Capital One has no obligation to accept Plaintiff's purported coupons. Plaintiff did not tender payment to Capital One in U.S. dollars and his attempt to have his accounts re-opened, and obtain dividend payments and interest, should be rejected. Because Plaintiff did not tender payment in the form of valid U.S. funds to Capital One, there can be no cause of action against Capital One for not accepting the fraudulent tender instrument. Plaintiff's proposed Amended Complaint does not give rise to a valid cause of action against Capital One based on his attempted payment and Capital One's closure of the accounts. Nothing within the Objection mandates a different outcome than as set forth by Magistrate Judge Marutollo in the Report and Recommendation.

Accordingly, the Court should adopt the Report and Recommendation in its entirety and deny Plaintiff's Motion for Leave to Amend.

**CONCLUSION**

For all these reasons, this Court should adopt the Report and Recommendation and deny Plaintiff's Motion for Leave to Amend, and award such any other relief it deems just and proper.

Dated: August 25, 2025
New York, NY

*<u>/s/ Philip A. Goldstein</u>*

Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*

**CERTIFICATION OF COMPLIANCE**

The undersigned attorney does hereby certify that the foregoing was prepared on a computer using Microsoft Word and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and that it has fewer than 8,750 words and does not exceed 25 pages, excluding the case caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does including material contained in footnotes or endnotes. As determined by the word count function of the word-processing system used to prepare the foregoing brief, and pursuant to the above-referenced rule, the foregoing brief contains 5,016 words.

Dated: August 25, 2025

*/s/ Philip A. Goldstein*
Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2167
pagoldstein@mcguirewoods.com

Blaec C. Croft
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
(412) 667-6057
bcroft@mcguirewoods.com

*Counsel for Defendant Capital One Financial Corporation*