UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Mohamed Roshan,
Plaintiff, Pro Se,

v.

Capital One Financial Corporation,
Defendant.

Case No. 25-CV-2653 (RER) (JAM)

**NOTICE OF SUPPLEMENTAL AUTHORITY**

(in Support of Plaintiff's Objection to the Report & Recommendation)

Plaintiff Mohamed Roshan respectfully submits this Notice of Supplemental Authority in further support of Plaintiff's Objection to the Magistrate Judge's Report and Recommendation, and in support of Plaintiff's request for limited, targeted discovery.

I. RECENT JUDICIAL DEVELOPMENTS INVOLVING CAPITAL ONE

On or about November 2025, a federal judge in the Eastern District of Virginia rejected a proposed $425 million class-action settlement involving Capital One's 360 Savings accounts. The class action alleged that Capital One misrepresented interest rates, withheld material financial information, and maintained misleading or confusing account structures affecting customers between September 18, 2019 and June 16, 2025.

The presiding judge, Hon. David Novak, rejected the settlement as "neither reasonable nor adequate."
A copy of the related reporting is attached as Exhibit J.

II. RELEVANCE TO PLAINTIFF'S CASE

Although this Virginia action concerns a different product line, the pattern of deceptive and non-transparent financial practices identified by Judge Novak directly parallels the issues Plaintiff raises in this case.

A. Capital One has been judicially found to conceal material financial information

In the Virginia action, Capital One:

withheld key financial disclosures,

maintained misleading account structures,

and allowed customers to operate without understanding the true financial terms.

Plaintiff alleges that Capital One similarly withheld material information regarding:

how Plaintiff's credit instrument was used internally,

how deposit money was created from Plaintiff's signature,

whether the receivable was transferred, sold, or securitized,

and how Defendant profited through internal accounting entries derived from Plaintiff's credit.

Both cases involve non-disclosure of material financial facts that directly harm consumers.

B. Both cases involve undisclosed internal financial processes that benefited Capital One

In the Virginia litigation, Capital One profited by maintaining customers in disadvantageous accounts.

In the present case, Plaintiff alleges that Capital One may have:

created new deposit money from Plaintiff's credit instrument,

booked that instrument as a bank asset,

transferred or securitized the receivable for value,

or received third-party payments or proceeds.

Plaintiff cannot confirm or quantify these events without discovery, due to Defendant's lack of transparency.

C. Capital One's lack of transparency prevents Plaintiff from verifying the true status of the account

Because Capital One refuses to disclose:

internal accounting entries,

chain of title,

transfer or securitization records,

and any revenue associated with Plaintiff's credit instrument,

Plaintiff cannot verify:

whether Defendant retains ownership of the receivable,

whether the account balance is accurate,

or whether the alleged obligation has been partially or fully offset by internal transactions.

This mirrors the concerns identified by Judge Novak.

D. Capital One's misleading communications in Virginia raise concerns about its representations in this case

The Virginia court found that Capital One's communications to consumers were misleading or incomplete.

Here, Defendant:

opposes Plaintiff's amendment without producing internal accounting documents,

asserts ownership of the receivable without proof of chain of title,

and provides no evidence regarding the creation, transfer, or treatment of Plaintiff's credit.

This supports Plaintiff's request for limited discovery to determine the true nature of the obligation.

E. The recent judicial scrutiny of Capital One's conduct strengthens the need for discovery here

Given that another federal court recently evaluated and rejected Capital One's financial practices as misleading, this supports the reasonableness of Plaintiff's request that this Court allow targeted, limited discovery into Capital One's internal accounting and treatment of Plaintiff's account.

III. EXHIBIT J

Plaintiff attaches as Exhibit J a true and correct copy of the publicly available reporting describing the federal judge's decision rejecting the Capital One 360 Savings class-action settlement, which illustrates a judicially recognized pattern of non-transparent conduct relevant to the issues raised here.

Respectfully submitted,

Dated: 11/14/2025
Queens Village, New York

/s/ Mohamed Roshan
210-20 Hillside Avenue
Queens Village, NY 11427
mohamedroshan10019@yahoo.com
Plaintiff, Pro Se