UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————

№ 25-CV-2653 (RER) (JAM)

————————————————

MOHAMED ROSHAN

VERSUS

CAPITAL ONE FINANCIAL CORP.

————————————

**MEMORANDUM & ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff Mohamed Roshan ("Plaintiff"), proceeding *pro se*, brings this action against Defendant Capital One Financial Corp. ("Capital One"), alleging violations of federal banking and securities laws. (ECF No. 1-1). Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Joseph A. Marutollo, dated August 6, 2025, recommending that Plaintiff's motion for leave to file an amended complaint be denied as futile. (ECF No. 22). Plaintiff filed timely objections to the R&R. (ECF No. 24). Defendant filed a response in opposition. (ECF No. 27). Plaintiff replied to Defendant's response. (ECF No. 28). After a *de novo* review of the record and the specific portions of the R&R to which Plaintiff objects, the Court adopts the R&R in its entirety and overrules Plaintiff's objection.

## BACKGROUND

I.     Procedural and Factual Background

Plaintiff is a resident of New York who identifies as "an American Indian/Caucasian" and as "a state national/Sovereign." (ECF No. 1-1 at 3). Plaintiff

alleges that he opened a "Platinum" credit card account with Capital One in March 2022 and subsequently maintained a second "Quicksilver" credit card account. (*Id.*) The dispute arises from Plaintiff's attempt in 2023 to pay his credit card bill using a "security interest." (*Id.*) Plaintiff alleges he "performed on [his] Capital One bill" by mailing a document to Capital One's P.O. Box intended to "utilize the security interest . . . to set off all obligations owed to the principal." (*Id.*) Shortly thereafter, Plaintiff attempted to use his credit card at a convenience store, but the transaction was declined. (*Id.*) When Plaintiff contacted Capital One, he was allegedly told to discard his cards and that he would receive an explanation by mail. (*Id.*) Plaintiff asserts that the subsequent letter from Capital One failed to provide a specific reason for the cancellation. (*Id.*) Instead, the letter stated that the accounts were closed because activity was "not consistent with [Capital One's] expectations for account usage" and violated the Customer Agreement, without specifying which terms were breached. (*Id.*)

On April 3, 2025, Plaintiff filed a Complaint in the Supreme Court of the State of New York, Queens County. (*Id.* at 2–4). The original Complaint alleged that Capital One committed securities fraud and violated the Federal Reserve Act, 12 U.S.C. § 504. Plaintiff premised these claims on the theory that he is "exercising the rights to [his] security" and that only the Federal Reserve Board of Governors has the authority to decline his credit. (*Id.* at 4). Plaintiff seeks an order directing Capital One to "reactivate [his] credit cards or give [him] new credit cards," as well as the return of "dividend payments and interest" allegedly owed to him. (*Id.*)

On May 12, 2025, Capital One removed the action to this Court pursuant to 28 U.S.C. § 1441(a). (ECF No. 1). Following removal, Capital One moved to dismiss the

Complaint. (ECF No. 9). While that motion remained pending, Plaintiff filed the instant motion for leave to file an amended complaint on July 16, 2025. (ECF No. 18). The proposed amended complaint seeks to add claims for breach of contract and violations of the Equal Credit Opportunity Act ("ECOA") and the Fair Credit Reporting Act ("FCRA"). (*Id.*)

II.     The Report and Recommendation

On August 5, 2025, the Court referred Plaintiff's motion for leave to file an Amended Complaint to Magistrate Judge Joseph A. Marutollo. Judge Marutollo issued the pending Report and Recommendation ("R&R") on August 6, 2025, recommending that the motion be denied in its entirety on the grounds of futility. (ECF No. 22 at 6–7).

In the R&R, Judge Marutollo analyzed the three proposed causes of action under the standard of Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 5). First, regarding the ECOA claim, Judge Marutollo found that Plaintiff failed to plead a prima facie case of discrimination, noting that the proposed amended complaint did not adequately allege membership in a protected class, a denial of credit, or that Capital One treated similarly situated applicants differently. (*Id.* at 7–8). Second, regarding the FCRA claim, Judge Marutollo determined that the claim was "threadbare" because Plaintiff failed to identify the specific information furnished to credit bureaus that was allegedly false or inaccurate. (*Id.* at 8). Finally, concerning the breach of contract claim, Judge Marutollo found that Plaintiff failed to identify any specific provision of the Customer Agreement that Capital One allegedly breached. (*Id.* at 9–10).

Because the proposed claims lacked the necessary factual elements to state a claim for relief, Judge Marutollo concluded that the amendment would be futile and recommended that the motion for leave to amend (ECF No. 18) be denied. (*Id.* at 10).

III.   Objections

On August 20, 2025, Plaintiff filed timely objections to the R&R, arguing that Judge Marutollo erred in concluding that his proposed amendments were futile. (ECF No. 24). Specifically, Plaintiff contends that he sufficiently pleaded the necessary elements for his claims by: (1) identifying as "American Indian" to satisfy the ECOA protected class requirement and characterizing the account closure as an adverse "revocation of credit" (*Id.* at 2–3); (2) alleging that Capital One violated the FCRA by reporting his account as delinquent despite his "lawful tender of payment via Bill of Exchange" (*Id.* at 3); and (3) asserting that Capital One breached the Customer Agreement by closing his accounts without "lawful cause" after he purportedly performed his obligations via the same "Bill of Exchange" (*Id.* at 3–4). Plaintiff further argues that the R&R overlooked his theory that the "Bill of Exchange" constituted valid payment under the Uniform Commercial Code. (*Id.* at 4).

On September 3, 2025, Capital One filed a response urging the Court to adopt the R&R and deny the motion to amend. (ECF No. 27). Capital One argues that the Court should disregard the new arguments and factual assertions raised in Plaintiff's Objection, as they were not presented to the Magistrate Judge. (*Id.* at 6). Capital One asserts that closing Plaintiff's accounts for activity was not discrimination under the ECOA. (*Id.* at 12). Furthermore, Capital One maintains that the proposed amendment remains futile because Plaintiff breached the Customer Agreement by failing to pay in U.S. dollars (*Id.*

4

at 17), and the credit reporting was accurate because the debt remained unpaid (*Id.* at 11).

On September 13, 2025, Plaintiff filed a Reply to Defendant's Response, reasserting that his tender of payment was lawful under UCC § 3-603 and that Defendant's characterization of it as "fraudulent" is legally incorrect. (ECF No. 28). Plaintiff further argues that Capital One lacks standing to enforce the debt because it allegedly sold the receivables into a securitization trust, citing Richard A. Werner's economic theories on money creation and "bona fide purchaser" status to support his claim that he was the originator of the value. (*Id.* at 4–5). Plaintiff contends that Capital One is impermissibly seeking "double recovery" by collecting on accounts it already securitized and wrote off, and he urges the Court to reject the R&R and allow the amendment to proceed to discovery on these ownership and securitization issues. (*Id.* at 6).

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Upon completion of this review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To trigger *de novo* review, however, objections must "be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). Consequently, "[w]hen a party makes

only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, No. 06 Civ. 5450 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (citations omitted). In this instance, the Court reviewed the R&R *de novo*.

## DISCUSSION

The Court has conducted a de novo review of the specific portions of the R&R to which Plaintiff objects. Because Plaintiff's claims for discrimination, inaccurate credit reporting, and breach of contract are all premised on the erroneous legal conclusion that he satisfied his financial obligations through a valid tender of payment, the Court finds that the proposed amendments would be futile and adopts Judge Marutollo's recommendation.

I.      Plaintiff Fails to State an ECOA Claim.

Plaintiff objects to Judge Marutollo's recommendation that his ECOA claim is futile. (ECF No. 24). Plaintiff argues that he satisfied the pleading requirements by identifying himself as "American Indian/Caucasian" and characterizing the closure of his existing Platinum and Quicksilver accounts as an adverse "revocation of credit" under 15 U.S.C. § 1691(d)(6). (*Id.* at 3–4). Plaintiff further contends that he is not required to identify specific comparators at the pleading stage. (*Id.* at 4). Finally, Plaintiff argues that Capital One violated 15 U.S.C. § 1691(d)(2) by providing only a vague statement that his account activity was "not consistent with expectations," rather than a specific reason for the adverse action. (*Id.*)

To prevail on an ECOA claim, a claimant makes a prima facie showing of discrimination under the ECOA if he alleges: "(1) he was a member of a protected class,

6

(2) he applied for credit from the defendant, (3) he was qualified for credit but the defendant denied his credit application, and (4) the defendant continued to engage in the type of transaction in question with other parties with similar qualifications." *Houston v. Wells Fargo*, No. 24 Civ 7637 (JGLC), 2025 WL 1582079, at *3 (S.D.N.Y. June 4, 2025); *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 526 (S.D.N.Y. 2015) (collecting cases).

The Court agrees with Magistrate Judge Marutollo that the Plaintiff fails to state an ECOA claim in his proposed amendment. (ECF No. 22 at 7–8). Even accepting Plaintiff's status as a member of a protected class and viewing the account closure as an adverse action, Plaintiff fails to plead facts that establish "the remaining elements in an ECOA cause of action." (*Id.* at 8).

Specifically, Plaintiff cannot demonstrate that he was "qualified" for the extension of credit. *See Germain*, 111 F. Supp. 3d at 526. Here, the record reflects that the adverse action was precipitated by Plaintiff's attempt to discharge his debt by writing phrases such as "pay to the bearer" on a payment stub. (ECF No. 24 at 7–13). Courts have consistently held that a payment stub is not a negotiable instrument and cannot be converted into one by unilaterally adding such language. *See Hurt v. Exeter Fin., LLC*, No. 4:23-CV-1285, 2023 WL 8088601, at *5 (E.D. Mo. Nov. 21, 2023) ("One cannot pay a debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'"); *see also Lee Joseph Vidrine v. Capital One Bank*, No. 6:23-CV-01500, 2024 WL 802242, at *1 (W.D. La. Feb. 9, 2024), report and recommendation adopted sub nom. *Vidrine v. Cap. One Bank*, No. 6:23-CV-01500, 2024 WL 802242 (W.D. La. Feb. 9, 2024), report and recommendation adopted, 2024 WL 790380 (W.D. La. Feb.

26, 2024) (dismissing claims similar to Plaintiff); *Thomas v. Wells Fargo Bank*, No. CV 23-00206-TFM-B, 2024 WL 478068, at *9 (S.D. Ala. Jan. 12, 2024) (same), report and recommendation adopted, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024). Because Plaintiff attempted to pay his balance using an invalid method, he cannot demonstrate that he remained "qualified" for the extension of credit or that Capital One's decision to end the banking relationship was discriminatory.

Accordingly, the proposed ECOA claim lacks merit.

## II.   Plaintiff's FCRA Claim is Futile

Plaintiff next objects to Judge Marutollo's determination that his FCRA claim is futile, arguing that the R&R overlooked his allegations regarding specific inaccuracies and notice. (ECF No. 24 at 3). Plaintiff clarifies that the "inaccurate" information furnished by Capital One was the reporting of his accounts as "delinquent/charged-off." (*Id.*) Plaintiff contends this status was false because he had tendered "lawful payment via Bill of Exchange" and asserted a valid "setoff claim" through the "Peace, Prosperity & Freedom Legacy Dynasty Trust." (*Id.*) Plaintiff further asserts that he satisfied the notice requirement by disputing the reporting with Equifax, Experian, and TransUnion, who, "upon information and belief," forwarded the disputes to Capital One pursuant to 15 U.S.C. § 1681i(a)(2). (*Id.*)

The Court finds that Judge Marutollo correctly concluded that the proposed amended complaint failed to state an FCRA claim. As Judge Marutollo noted, the proposed pleading was "devoid of any allegations identifying the precise information about Plaintiff that was purportedly inaccurate." (ECF No. 22 at 9). "Plaintiff merely asserts, again in a conclusory fashion, that Capital One 'furnished false or inaccurate

information about Plaintiff's account to credit bureaus' . . . without expounding upon what that information was, or to whom that information was conveyed." (*Id.*)

Even considering the "clarifications" in Plaintiff's Objection, the amendment remains futile because Plaintiff cannot establish the essential element of factual inaccuracy. *See Artemov v. TransUnion, LLC*, No. 20-CV-1892 (BMC), 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020). Plaintiff's theory of "inaccuracy" rests entirely on the premise that his tender of a "Bill of Exchange" constituted valid payment. (ECF No. 24 at 3). Because a payment stub is not legal tender, Plaintiff's attempted payment was invalid, and his account remained legally unpaid. *See supra* section I at 7–8. Consequently, Capital One's reporting of the account as delinquent or charged-off was factually accurate and Plaintiff's objection is overruled.

III.    Plaintiff Fails to State a Breach of Contract Claim

Plaintiff further objects to the Magistrate Judge's conclusion that his breach of contract claim was futile. In his Objection, Plaintiff argues that the "Capital One Customer Agreement" governs his accounts and contends that Capital One breached this agreement by closing his accounts "without lawful cause" and refusing to credit his "lawful tender of payment."  (ECF No. 24 at 4).

The Court adopts Judge Marutollo's recommendation. Under New York law, a plaintiff establishes a prima facie breach of contract claim by alleging: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Katz v. Travelers*, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

Even considering the arguments raised in the Objection, the claim is futile because Plaintiff cannot allege his own adequate performance—an essential element of the claim. The Customer Agreement explicitly requires payments to be made in "U.S. dollars from a U.S. deposit account." (ECF No. 24 at 79). Plaintiff's attempt to pay his debt by writing "pay to the bearer" on a payment stub does not constitute payment in U.S. dollars. Because Plaintiff failed to remit valid payment, he did not perform his obligations under the contract. Furthermore, Capital One was contractually authorized to close the account; the agreement permits closure "at any time and for any reason permitted by law." (*Id.* at 81). Closing an account due to the submission of invalid financial instruments is a lawful reason for termination.

Plaintiff's reliance on UCC § 3-603 in his Reply is misplaced. (ECF No. 28 at 2). That section applies to the tender of payment for an obligation to pay a negotiable instrument. *See* UCC § 3-603 ("If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.") Because a credit card payment stub is not a negotiable instrument, Plaintiff's endorsement of it does not constitute a valid tender under the UCC, and his obligation to pay in U.S. currency remained undischarged. *See supra* section I at 7–8. Accordingly, Plaintiff fails to state a plausible claim for breach of contract, and the objection is overruled.

IV.       Plaintiff's New Arguments are Procedurally Improper

In addition to the specific claim-based objections addressed above, Plaintiff raises entirely new legal theories in his Reply that were not presented in his Motion to Amend. Specifically, Plaintiff argues that Capital One lacks standing to enforce the debt because it allegedly "securitized" and sold the receivables to a "Master Trust"; that he is the "bona fide purchaser" of the funds based on theories of "money creation"; and that he is entitled to an "equitable setoff" to prevent the bank from obtaining a double recovery. (ECF No. 28).

As a procedural matter, the Court declines to consider these arguments. "Generally, courts do not consider such 'new arguments' or new evidence 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not' and the Court declines to do so." *Pizarro v. Gomprecht*, No. 10-CV-4803, 2013 WL 990997, at *2 n.1 (E.D.N.Y. Mar. 13, 2013) (quoting *Chalasani v. Daines*, No. 10-CV-1978 (RRM) (RML), 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 26, 2011)). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Irick v. Capra*, No. 23 Civ. 09123 (JLR) (JLC), 2024 WL 5039664, at *2 (S.D.N.Y. Dec. 9, 2024) (citation omitted).

Therefore, these new arguments do not provide a basis to reject the R&R.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections are overruled, and Magistrate Judge Marutollo's Report and Recommendation (ECF No. 22) is adopted in its entirety as

11

the opinion of this Court. Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 18) is denied.

Because the standard for futility is identical to the standard for a motion to dismiss under Rule 12(b)(6), a finding that Plaintiff's proposed amendment is futile necessarily requires that the motion to dismiss be granted. *E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*, 307 F. Supp. 3d 52, 57 (E.D.N.Y. 2018) ("In considering whether a proposed amendment is futile, the Court must determine whether it could withstand a Rule 12(b)(6) motion to dismiss."); *Lucente v. IBM Corp.,* 310 F.3d 243, 258 (2d Cir. 2002)). Accordingly, the Motion to Dismiss (ECF No. 9) is granted.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: February 19, 2026
        Brooklyn, New York

12